Hough, J.
The case comes into this court on exceptions by the prosecuting attorney of Hamilton county to the ruling of the court of common pleas made during the trial of the cause in that court on an indictment for manslaughter.
The particular exception is based upon the refusal of the court to admit in evidence an ordinance of the city of Cincinnati providing that vehicles shall not pass street cars discharging or receiving passengers; that a vehicle overtaking another shall pass to the left; and that a vehicle shall pass a street car to the right. In addition thereto the ordinance defined the word “vehicle” and the “closely built up” portion of the city.
The precise question here for determination is whether or not such an ordinance, penal in its nature, is admissible in evidence as an aid in the establishment of the commission of the unlawful act, as an element of the crime charged. The ordinance was first admitted in evidence, and then, later, before the close of the trial, withdrawn by the court from the consideration of the jury, which action of *96 withdrawal was duly excepted to by the state. Thus the question is squarely made by the record and stands as the sole question for determination in this court.
It is admitted that the prosecution for the involuntary or unintentional homicide was predicated on an unlawful act, made so by the statutes of the state, to-wit, Section 12603, General Code, which reads:
“Whoever operates a motor vehicle or motorcycle on the public roads or highways at a speed greater than is reasonable or proper, having regard for width, traffic, use and the general and usual rules of such road or highway, or so as to endanger the property, life or limb of any person, shall be fined not more than twenty-five dollars, and for a second offense, shall be fined not less, than twenty-five dollars, nor more than one hundred dollars.
“A rate of speed greater than fifteen miles an hour in the business and closely built up portions of a municipality or more than twenty miles an hour in other portions thereof, or more than thirty miles an hour outside of a municipality, shall be presumptive evidence of a rate of speed greater than is reasonable or proper.”
The record also seems to concede that the ordinance is a valid enactment, and that it established “general and usual rules” covering the streets in the city of Cincinnati, a charter city, where the alleged crime was committed. But the defendant contends that the “general and usual rules” provided for in the ordinance are not the “general and usual rules” intended by the statute, and that that phrase,, used in the statute, must be construed to refer only to such rules as have general and uniform operation' throughout the state.
*97 Section 12603 in its present state was passed in 1919 (108 O. L., pt. 1, 471), and was an amendment and consolidation of old sections 12603 and 12604. These sections before their consolidation and amendment read as follows:
“Sec. 12603. Whoever operates a motor vehicle on the public roads or highways at a speed greater than is reasonable or proper, having regard for the width, traffic, use and the general and usual rules of such road or highway, or so as to endanger the property, life or limb of any person, shall be fined not more than twenty-five dollars, and for a second offense shall be fined not less than twenty-five dollars nor more than fifty dollars.
“Sec. 12604. WThoever operates a motor cycle or motor vehicle at a greater speed than eight miles an hour in the business and closely built-up portions of a municipality or more than fifteen miles an hour in other portions thereof or more than twenty miles an hour outside of a municipality, shall be fined not more than twenty-five dollars, and, for a second offense shall be fined not less than twenty-five dollars nor more than fifty dollars.”
By this amendment and consolidation it seems to have been the evident intention of the legislature to extend the provision that “whoever operates a motor vehicle on the public roads or highways at a speed greater than is reasonable and proper,” etc., to include the streets of municipalities. Under such an interpretation the newly-created section therefore deals with “the general and usual rules” of the road, and includes and applies to all the public roads or highways of the state, including the streets and public ways of the municipalities located *98 within its boundaries, and represents one of the penal provisions of the legislature enacted in the interests of public safety.
Section 12608, General Code, provides that the provisions of Section 12603, General Code, shall not be diminished, restricted, or prohibited by ordinance. Section 3, Article XVIII of the Constitution of Ohio, provides:
“Municipalities shall have authority to exercise all powers of local self-government and to adopt and enforce within their limits such local police * * * regulations, as are not in conflict with general laws.”
This provision of the constitution has been in force since adoption of the amendments of 1912. The ordinance before us does not diminish, restrict or prohibit any provision of Section 12603. It is not in conflict with general laws. It is a measure passed by a city properly chartered, in the exercise of the local police power.
All this being true, the conclusion can not be escaped that it is a law applying to the locality covered by its terms, just as effectually and with the same binding force as any other law, state or federal, of either constitutional or legislative origin. It becomes a part of the laws of the city of Cincinnati, and creates the general and usual rules of the road for the locality in which the alleged offense occurred.
The defendant was charged with unintentional or involuntary homicide. In an offense of this character it is incumbent upon the state to prove as an element of the offense that the killing happened while *99 the. slayer was in the commission of an unlawful act, and, under the Ohio rule, that the act was one prohibited by law. Johnson v. State, 66. Ohio St., 59;
In order to show that the act was in fact unlawful,, or, in other words, was prohibited by law, the fundamental basic fact that would necessarily have to appear would be what that law is — the law claimed to have been violated, which furnished the basis or foundation for the “unlawful act” upon which the indictment for manslaughter was. predicated. . To determine whether the law had been transgressed, whether the defendant at the time at which the indictment was laid was in the commission of an unlawful act, it would be necessary to apprise the court and jury of the law, its provisions and effect, before the jury under proper instructions would be able to ascertain whether “an unlawful act” had been committed.
As is well known, the courts of the state take judicial notice of the laws of the state legislature; and it is equally well known that the state courts do not take judicial notice of municipal ordinances. The law as it exists by ordinance, when pertinent to the issue in the law suit, must be proven.
As a predicate or basis for the proof of the commission of the unlawful act, then, the law to which the defendant was at the time amenable was material and necessary. The state statute, Section 12603, General Code, was before the court, but the additional “general and usual rules” of the road provided in the ordinance were not before the court until the ordinance was offered in evidence, and it is the opinion of the majority of this court that the *100 ordinance ivas competent for such purpose and that the court below erred in excluding it. The case of State v. Born, 85 Ohio St., 430, in so far as it conflicts with the views herein announced, is disapproved and overruled.

Exceptions sustained.

Marshall, C. J., Johnson and Wanamaker, JJ., concur.